## COOKE *v.* SELIGMAN and others.

*Circuit Court, S. D. New York.* February 5, 1880.)

1. REMOVAL—WHO ARE "DEFENDANTS" UNDER SECTION 2, ACT OF 1875.

Where, in a suit between a foreign citizen and citizens of various states, the petition for removal is made by all the defendants except X., the petition makes out a case for removal under the first clause of section 2 of the act of 1875, as being a suit where all parties defendant have applied for the removal, if X. is an unnecessary and improper party, the complaint making no case on which X. could claim the relief demanded, and although the petition may be framed so as to attempt to make out also a case under the second clause of the same section

2. SAME—PETITION BY ATTORNEY.

The objection that the petition for removal was made and filed by the attorney of the defendants is of no force in this court, although section 3 of the act of March 3, 1875, provides only that a "party ＊ ＊ may make and file a petition."

3. SAME—AVERMENT OF PERSONAL CITIZENSHIP.

The averment of the petition for removal that the defendants (naming them) "as they are the qualified executors of the last will and testament of Y., deceased," were and are citizens, etc., is a sufficient averment of personal citizenship, and should not be construed to refer to their official citizenship as executors.

4. SAME—DUE EXECUTION OF BOND.

The want of acknowledgment or proof of the execution of the bond for removal is a matter of practice for the state court to pass upon, and cannot be reviewed by this court after the state court has accepted the bond.

5. SAME—CONDITION OF BOND.

    The clause in the condition of the bond for removal providing that the defendants shall " do, or cause to be done, such other and appropriate acts," etc., is a sufficient compliance with any requirement in section 3 of the act of 1875 that the bond shall be one for appearing in the federal court.

Motion to Remand.

*Clarence A. Seward* and *Charles M. Dacosta,* for plaintiff.

*Clarkson N. Potter* and *J. G. McCullough,* for defendants.

BLATCHFORD, C. J.    Although the complaint avers that Wostenholme owns a number of the bonds, it does not aver that he makes any claim in respect of them, on account of any matters alleged in the bill as matters on account of which the plaintiff makes a claim in respect of bonds.    Nor does the plaintiff sue on behalf of Wostenholme, or claim to represent him as respects any claim made on the other defendants, or any of them.    On the whole scope of the bill, the words " similarly situated," in the preamble to the complaint, and in paragraphs 14 and 16, and in subdivisions 1, 2, and 3 of the prayer, mean the original allottees, called also takers in paragraph 14.    Subdivisions 1 and 2, of the prayer, pray no relief for the benefit of Wostenholme, nor does subdivision 3. That subdivision only prays that the moneys to be accounted for may be refunded for the benefit of the original allottees, of whom Wostenholme was not one.    It does not pray that such moneys be refunded for the benefit of the original allottees, and holders not original allottees, leaving such moneys to be distributed afterwards.    Therefore, the complaint makes no case on which persons not original allottees could put in any claim to any moneys refunded.    So that part of the prayer of subdivision 3 which relates to the superior right of the original allottees is to be rejected as surplusage, and Wostenholme stands as an unnecessary and improper party to the suit, and no real and actual party.    This being so, it follows that the suit was removable, under the first clause of section 2 of the act of 1875, as being a suit in which there is a controversy between citizens of various states of the United States and a foreign citizen or subject, and where all the parties defendant have applied for the removal, and where

such controversy is the only controversy there is in the suit. The petition for removal makes out a case under said first clause, although it may be framed so as to attempt to make out, also, a case under the second clause of the same section.

It is alleged that there are certain defects on the face of the petition and the bond which invalidate the removal. The petition in the body of it purports to be the petition of all of the defendants, except Wostenholme, by the same names and designations as set forth in the caption or title of the suit in the summons and in the complaint in the state court. In such caption or title, among the names of the defendants are these:

"James M. Brown, John Crosby Brown, Howard Potter, and John S. Schultze, as they are the qualified executors of the last will and testament of James Brown, deceased."

An aggregation or list of the names of the defendants is not found in any place in the summons or complaint, except in such caption or title. The complaint states—

That James Brown, by his will, appointed "the defendants James M. Brown, John Crosby Brown, Howard Potter, and John S. Schultze," with two other persons, "his executors," and that letters testamentary were issued "to the defendants James M. Brown, John Crosby Brown, Howard Potter, and John S. Schultze, as the qualified executors of the last will and testament of the said James Brown, deceased."

. The petition is preceded by the title or caption of the suit, giving the name of the plaintiff and the names of all the defendants, and in it, among the latter—

"James M. Brown, John Crosby Brown, Howard Potter, and John S. Schultze, as they are the qualified executors of the last will and testament of James Brown, deceased."

The petition states—

" That the controversy in said suit is between foreign citizens or subjects, and citizens of different states of the United States;" that of the defendants, sundry ones named, and among them "John Crosby Brown, individually, [he being named by that designation as a defendant in the title to the summons and in the title to the complaint and in the title to the petition, and as a petitioner in the list of petitioners in the beginning of the body of the petition,] and James M. Brown, John Crosby Brown, and Howard Potter, as they are the qualified executors of the last will and testament of James Brown, deceased, were each and all at the time of the commencement of this suit, and still are, citizens of the state of

New York, and that the defendant John S. Schultze, also a qualified executor of the last will and testament of James Brown, deceased, was then and still is a citizen of the state of New Jersey."

Among the signatures to the petition are these:

"James M. Brown, George H. Brown, John Crosby Brown, Howard Potter, by James M. Brown, attorney, John S. Schultze, as the qualified executors of the last will and testament of James Brown, deceased,"—the names being under each other, and included in a bracket at the left of said designation; also "Trenor W. Park, by J. G. McCullough, his attorney;" also "Isaac Seligman, by Joseph Seligman, attorney;" also "Leopold Seligman, by Joseph Seligman, attorney;" also "Henry Seligman, by Joseph Seligman, attorney;" also "Abraham Seligman, by Joseph Seligman, attorney;" also "William Seligman, by Joseph Seligman, attorney;" also "A. A. Selover, by Billings & Cardozo, attorneys;" also "W. Watts Sherman, by Bristow, Peet, Burnett & Opdyke, attorneys;" also "George H. Brown;" also "John Crosby Brown." The petition was sworn to by the defendant Park.

The condition of the bond offered to the state court is—

"That the obligation shall be void " if the said petitioners shall enter in the said circuit court of the United States, on the first day of its next session, a copy of the record in said suit, and shall well and truly pay all costs that may be awarded by said circuit court of the United States, if said court shall hold that said suit was wrongfully or improperly removed thereto, and do or cause to be done such other and appropriate acts as, by the acts of congress approved March 3, 1875, and other acts of congress, are required to be done upon the removal of a suit into the United States circuit court from a state court."

The bond is not acknowledged or proved.

On the twenty-first of October, 1879, the state court made an order in the suit. The title of the suit in the order gives the names and designations of the defendants as in the title to the summons and the complaint. It says:

"A petition having been duly made and filed in this suit by the several defendants"—naming the petitioners by the same names and designations as in the body of the petition—"on this twenty-first day of October, A. D. 1879, praying for the removal thereof into the circuit court of the United States for the southern district of New York, and said defendants and petitioners having duly made and filed therewith a bond, with good and sufficient surety, for their entering in such circuit court, on the first day of its next session, a copy of the record in this suit, and for paying all costs that may be awarded by the said circuit court if said court shall hold that this suit was wrongfully or improperly removed thereto, and for doing such other and appropriate acts as required pursuant to the statutes of the United States in such case made and provided, now, upon motion of John G. McCullough, Esq., of counsel for the petitioners, it is declared that it

is made to appear to the satisfaction of this court * * * * * and that the controversy therein is wholly between an alien and citizen and subject of the united kingdom of Great Britain and Ireland, and citizens of different states of the United States of America—that is to say, between the above-named plaintiff, who is a citizen and subject of the united kingdom of Great Britain and Ireland, and the above-named defendants and petitioners, who are citizens of different states of the United States of America; * * * and it is further declared and ordered that this court doth accept the said petition and bond so made and filed as aforesaid, and that the suit be removed for trial into the next circuit court of the United States, to be held in the southern district of New York, and that this court proceed no further therein, and that all proceedings in this court in the said cause be and the same are hereby stayed."

1. It is contended that section 3 of the act of March 3, 1875, (18 St. at Large, 471,) provides only that a "party" "may make and file a petition," and does not provide that an attorney may; and that if an attorney in fact may, the fact of his attorneyship and its scope must be shown to the state court. The order of the state court states that the petition was duly made and filed by the petitioners named, and that such petitioners appear by Mr. McCullough, as their counsel, and move for the order which the court makes. In *Myer* v. *Construction Co.*, recently decided by the supreme court of the United States, 100 U. S. 457, the petition for removal stated in the body of it that it was made by the two defendants, the petitioners, (naming them.) The petition was not signed or sworn to, but it was filed with the clerk. The court said:

"The petition was not signed. No objection was made on this account in the state court, and it came too late in the circuit court. If it had been made in the state court, the defect, if in fact there was one, would no doubt have been cured at once by the signature of counsel. The petition was in writing. On its face it purported to be the petition of Meyer and Denison, and it was in fact the petition of Denison. This the court knew, because it was actually presented by the counsel of Denison, and was accompanied by a bond purporting also to be signed in the name of Meyer and Denison. In short, everything in the whole proceeding showed that it was in fact what, under the circumstances, it purported to be,—the application of Denison, made in good faith, for the removal of the cause."

These views cover the objection made in the present case. Although the plaintiff does not seem to have had prior notice of the application to the state court for the removal, the contents of the petition and bond, and the action of the petition-

ers, by their counsel, in moving for the order which the state court made, and the contents of such order, show that the objection made is of no force in this court.

2. It is objected that the petition does not show that James M. Brown and Howard Potter were and are personally citizens of the United States, or of any state thereof, and that the averment is merely that they,  "*   *   *   as they are the qualified executors of the last will and ṭestament of James Brown, deceased," were and are citizens of the state of New York. The case of *Amory* v. *Amory,* 95 U. S. 186, is cited. In that case certain persons, as executors, brought a suit in a state court of New York against a citizen of New Jersey. The defendant, in his petition for removal, averred "that said plaintiffs, as such executors, are citizens of the state of New York." The court said:

" Clearly this is not sufficient. Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to the parties as persons. A petition for removal must, therefore, state the personal citizenship of the parties, and not their official citizenship, if there can be such a thing. From the language here employed, the court may properly infer that, as persons, the defendants in error were not citizens of New York. For all that appears, they may have been citizens of New Jersey, as was the defendant. Holding, as we do, that a state court is not bound to surrender its jurisdiction, upon a petition for removal, until at least a petition is filed, which, upon its face, shows the right of the petitioner to the transfer, it was not error for the court to retain these causes."

The facts of the present case do not bring it within the decision in *Amory* v. *Amory.* The expression, "as they are the qualified executors," etc., introduced by the plaintiff in the title of the suit, and strictly followed afterwards, is fairly to be interpreted as meaning and reading, "sued as qualified executors," etc. The petition is fairly to be read as averring that James M. Brown and Howard Potter, sued as qualified executors, are citizens, etc.; meaning that they, personally, sued as executors, are citizens, etc. The averment as to James M. Brown and Howard Potter must be taken in the same sense as the averment as to Schultze, which is that he, "also a qualified executor," is a citizen, etc., and as averring substantially that they, qualified executors, etc., are citizens,

etc., rejecting the words "as they are" as surplusage. Then there is the averment of the petition that the controversy is "between foreign citizens, or subjects and citizens of different states of the United States," taken in connection with the above-cited averments in the complaint and the declaration of the state court, in the order, as to the citizenship of the defendants, which must be held to refer to their personal citizenship, showing the interpretation given by the state court to the averments of the petition, and the fact that the state court surrendered its jurisdiction. The state court could not properly infer, and did not infer, nor can this court infer, that as persons James M. Brown and Howard Potter were not citizens of New York.

3. The want of acknowledgment or proof of the execution of the bond was a matter of practice for the state court to pass upon, and it will not be reviewed by this court after the state court has accepted the bond.

4. It is objected that the condition of the bond does not provide for the defendants appearing in this court and entering special bail in the suit, if special bail was originally requisite therein. The clause in the condition, providing that the defendant shall "do or cause to be done such other and appropriate acts," etc., is a sufficient compliance with any requirement in section 3 of the act of 1875 that the bond shall be one for appearing in the federal court.

The motion to remand the cause to the state court is denied.

NOTE. See in relation to removal bonds, *Van Allen* **v.** *R. Co.* 3 FED. REP. 545, and *Hervey* **v.** *R. Co.* Id. 707.