COBURN and another *v.* CEDAR VALLEY LAND & CATTLE Co., Limited, and another.

(*Circuit Court, N. D. Texas.* December, 1885.)

1. INJUNCTION—MOTION TO DISSOLVE—NOTICE.
    Where a preliminary injunction has been granted in a state court without notice to the defendants, and then removed into a federal court, the latter will hear a motion to dissolve upon notice to complainants or their solicitors; and the complainants, in such a case, should be prepared to support their bill for injunction.

2. REMOVAL OF CAUSE—FORM OF BOND FOR COSTS.
    The manner of removal, the amount or form of the bond, is not a matter of substance, affecting the jurisdiction, and may be waived; or, if insisted upon, may be cured by amendment.

3. PRELIMINARY INJUNCTION—WHEN DISSOLVED.
    A preliminary injunction will be dissolved when all the equities of the bill are denied by answer under oath, or when it appears that the bill is filed for the purpose of enjoining the violation of a contract for personal services, since such a contract is not capable of being enforced, either affirmatively by decree for a specific performance, or negatively by way of injunction to restrain its violation. Such injunction will also be dissolved if the complainants have an adequate remedy at law.

4. SAME—AGENCY—FRAUD.
    Where it appeared that the respondents had employed the complainants to purchase a large ranch and herd of cattle, and that the complainants had accepted such agency, and had secretly received from the seller of said property a large commission, and where one of them had afterwards obtained employment from respondents as the manager of said ranch and herd for a term of five years without disclosing the facts above stated, *held,* that the taking of said commissions from the seller of said ranch and herd, and the failure to disclose the facts respecting the same, was a fraud upon the respondents, and that the contract of employment, obtained as above set forth, was fraudulent, and respondents had good cause for removing the manager who obtained his position in the manner above set forth.

In Equity. Motion to dissolve preliminary injunction, which had been granted without notice. The facts are sufficiently stated in the opinion.

*Geo. W. McCrary* and *Adams & Field,* for motion.

*Waters & Chase, Karnes & Ess,* and *Mr. Houston, contra.*

MCCORMICK, J. The bill in this case was addressed to the state district court for Oldham county. It shows, in substance, that the complainants are citizens of Missouri and the respondents aliens, the respondent corporation being organized under the laws of Great Britain, and having its principal office in London, and the other respondent being a resident of London and subject of Great Britain; that the respondent company is the owner of a large ranch (75,000 acres or more) in the north-western part of the state (Pan Handle) and of large herds of cattle thereon, numbering many thousand (numbers given) and of the value—the cattle and other personal property—of over $500,000; that in March, 1885, the complainants became the purchasers of the stock of the respondent corporation to the extent in value of $100,000, paying thereon and therefor the sum of $50,000 in cash, on the express condition that the complainant W. N. Ewing

should be the manager of the company's ranch and the cattle and other properties thereon for a period of five years; and that, in accordance with said condition of said purchase of the stock aforesaid, the respondent company, on the fourth of March, 1885, entered into a written contract with said W. N. Ewing, said contract being as follows:

"THE CEDAR VALLEY LAND AND CATTLE COMPANY, LIMITED,
"MOORGATE STREET CHAMBERS,
"30A, Moorgate Street, London, E. C.
"18—

"Memo. of agreement as to Mr. Ewing's employment as the company's manager in America, as arranged at the board's meeting on the fourth of March, 1885.

"Mr. W. N. Ewing is engaged as the company's manager in America for five years from first of January, 1885, at a salary for the first year of £600; and the salary for subsequent years to be such as may be agreed on by Mr. Ewing and the board, six months' notice to be given by Mr. Ewing if he desires to terminate the engagement; office and traveling expenses not included in salary. Office expenses estimated by Mr. Ewing at $25.00 per month.
"THOMAS. C. WEBB, Secretary."

—And that thereupon the complainants Coburn & Ewing took said stock, and paid to said company the sum of $50,000; and that the complainant W. N. Ewing immediately entered upon his duties as said manager, and diligently and faithfully continued and continues to discharge the same with skill and advantage to said company; that on the seventh day of September, 1885, the respondent company, colluding and conspiring with the other respondent (Geo. D. Fisher) to wrong, cheat, and defraud complainants, and especially the complainant W. N. Ewing, issued to the complainant Ewing the following notice, to-wit:

"DEAR SIR: I am instructed to inform you that in consequence of the facts which have come to the knowledge of the board connected with your purchase of the Cedar Valley property from W. B. Munson, the directors have decided to cancel your appointment as manager, and that your duties will terminate at the date of the delivery of this letter to you. Mr. Fisher is authorized to take charge of all books, papers, and other property belonging to the company at present in your hands, and I am to request that you will hand them over to him accordingly.
"Yours, truly,                    THOMAS E. WEBB, Secretary."

The bill alleges that all the members of the board of directors of the respondent company, and all of its officers, except complainant Ewing, are residents of Great Britain, and wholly unacquainted with the business of managing such ranch property; that complainant Ewing has thorough knowledge of and skill in conducting said business, and to remove him would work irreparable injury; that said George D. Fisher has demanded of complainant Ewing the turning over to him, said Fisher, of all of said company's property, and is claiming to be the only legally authorized agent in America; that said Fisher is wholly unacquainted with the cattle business, etc.; with full statement of damage likely to result to complainants if said Ewing

was compelled now to surrender the control as manager of the company's property aforesaid, and praying for an injunction to restrain the defendants from interfering with said Ewing in the performance of his duties as manager, and praying that on final hearing the respondent company be required to carry out specifically its said contract with said Ewing as manager for five years from the first of January, 1885.

On the thirteenth of October this bill was presented to the judge of the state district court for Oldham county without notice to respondents, and the order for injunction as prayed for obtained; and on the sixteenth of October the bill was filed in the state court, and along with it the complainant's bond for injunction in the sum of $500, as required by the order, and the injunction was thereupon issued. On the eleventh of November the respondents filed in said state court their petition to remove said cause to this court, and tendered a bond in the sum of $250, payable to J. M. Coburn and W. N. Ewing, and conditioned that "if the petitioner shall enter in the said circuit court of the United States on the first day of its next session a copy of the process against them, and of all pleadings in said suit, then this obligation shall be void," etc. The next session of the circuit court in this district after the tender of said petition and bond began at Waco on the nineteenth of November; and on the twenty-first of November the transcript of the record was filed in this court at Waco, the circuit court being then in session there. The respondents thereupon, on the twenty-third day of November, after being advised of the time when it could be heard, gave notice to the solicitors of complainants that on the fourth day of December the respondents would apply to one of the judges of this court at Graham for a dissolution of the injunction, etc. The complainants insist that the notice was too short, and urge that they are unable to meet the motion with proper preparation; that the principal solicitor is engaged with other causes in other courts, and cannot attend before the twentieth inst.; and that the complainant Ewing is in the ranch country, and his solicitors and co-complainant have not been able to reach him by wire or otherwise; that by the 20th they expect to obtain affidavits supporting all the allegations of their bill as to the management of said Ewing, etc. Having heard the argument of solicitors for complainants and for the respondents, I am of opinion that the notice was sufficient, and that the complainants should be prepared to support their bill for injunction in opposition to the motion now.

After hearing full argument on the application of complainants for a postponement of the hearing of the motion to dissolve, and ruling on it, and after respondents' counsel had presented the motion to dissolve and his argument thereon, the complainants present a motion to remand this cause to the state court, only one ground of which I deem it necessary to notice, viz., because the bond is not conditioned to well and truly pay all costs that may be awarded by the circuit

court of the United States if said court shall hold that said suit was wrongfully or improperly removed thereto. The petition for removal shows all the jurisdictional facts to warrant the removal. The manner of removal, the amount or form of the bond, is not matter of substance affecting the jurisdiction of this court, and may be waived, or, if insisted on, may be cured by amendment. *Ayers* v. *Watson*, 113 U. S. 594; S. C. 5 Sup. Ct. Rep. 641. The motion to remand does not, in my opinion, present such matter as should arrest my hearing the motion to dissolve the injunction.

The motion to dissolve the injunction presents numerous grounds on which the dissolution is asked, some of which are: (1) That all the equities of the bill are denied by the answer under oath; (3) that the contract for the employment of said Ewing, as set out in the bill, is not capable of being enforced, either affirmatively by decree for its specific performance, or negatively by way of injunction to restrain its violation; (4) that the complainants have an adequate remedy at law; (12) that the complainant Ewing was removed from his position as manager of the respondent company for good and sufficient cause.

The answer of respondents admits that complainants proposed to purchase shares of respondent company's stock on condition of W. N. Ewing being manager for five years, but denies that said proposition was accepted, and alleges, on the contrary, that it was expressly and promptly rejected, and an unconditional subscription made instead thereof. It denies that the members of the board of directors and other officers of the respondent company are wholly ignorant of and incompetent to conduct with skill the business of said company's cattle-ranch interests. It charges that said W. N. Ewing was discharged as manager of said ranch interests for good cause, namely, that before the organization of respondent company the promoters of said company employed complainants to purchase said ranch, and the cattle and other personal property thereon, and that said complainants accepted said employment, and undertook to represent said promoters, and did represent them at first, and afterwards the company, in the purchase of said property, the complainant Ewing being the active party in said matters, and did conceal from said promoters and from said company the fact that said complainants had an interest in the sale of said property; that said company, in August, 1885, for the first time learned that said complainants were acting as the agents of the seller, W. B. Munson, and were to receive, and actually did receive, about the sum of $40,000 out of the moneys paid by said company for said property, through said complainants as said company's agents, as commissions from said Munson for effecting said sale; and that as soon as this was discovered said company discharged said Ewing.

The exhibits offered with the answer fully sustain the charge that complainants had said property for sale before and during the time of the negotiations by which respondent company became the owner;

and that said complainants did receive commissions from said Munson to the extent of about $40,000.

Having made the foregoing statement of matters presented by the record, I deem it proper to add only that I am of opinion that the first, third, fourth, and twelfth grounds of the motion to dissolve, as set out above, are all well taken, and that the injunction should be dissolved; and it is so ordered.