## Borden et al., Appellants, *v.* American Surety Co.

*Foreign attachment—Bond—Judgment—Act of June* 13, 1836, § 62, *and March* 20, 1845, § 2.

Suit on a bond in foreign attachment cannot be sustained where the judgment against the defendant was merely a judgment by default in the attachment proceedings, entered prior to the execution of the bond. Such a judgment, with the attachment, and all other proceedings under the attachment, is dissolved by the defendant's appearing and giving bail to the action.

Argued Jan. 3, 1894. Appeal, No. 407, Jan. T., 1894, by plaintiffs, Hamilton Borden et al., from judgment of C. P. No. 3, Phila. Co., Sept. T., 1890, No. 6, sustaining demurrer to statement. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.

Assumpsit on bond given to dissolve foreign attachment.

The record in this case shows that the attachment was issued June 21, 1890, returnable to the third Monday of September of that year, and that the judgment was entered on April 13, 1891; that on May 12, 1891, the defendants in the attachment appeared; on May 13th, took a rule to open the attachment; on May 23d, entered security to dissolve the attachment, the defendant in the present suit being the bail; and on June 8, 1891, filed an affidavit of defence. On April 30, 1892, the rule to open judgment was discharged, and on Sept. 20, 1892, the present suit in assumpsit was brought. The bond executed by the present defendant, entitled of the term and number of the foreign attachment, contained the following condition : "That if the above-named defendants," i. e, those in the foreign attachment, "shall be condemned in this action, at the suit of the plaintiffs, they shall pay the condemnation money and costs, which, if they fail to do, we undertake to do it for them," and was in double the amount of the damages assessed under the judgment taken in the foreign attachment.

Plaintiffs' statement was as follows :

" This suit is brought by the plaintiffs, Hamilton Borden and William E. Selleck, trading as Selleck & Co., against The American Surety Co., defendant, upon a bond given by the defendant

to dissolve the attachment made in a certain suit in which the plaintiffs in this suit were plaintiffs, and The Norfolk Coal & Coke Co., defendant, being in Court of Common Pleas, No. 3, of Phila. Co., of Sept. T., 1890, No. 6, the record of which suit is hereby referred to and intended to be part of this statement; a copy of the said bond is hereto annexed and made part of this statement.   Under the terms of the said bond, and subsequent to the entering of the said bond as bail, and the dissolution of the attachment as aforesaid, the defendant, The Norfolk Coal & Coke Co., was condemned in said action and has failed to satisfy the condemnation money and costs, and there is justly due and payable from the defendant in this suit to the plaintiffs the sum of $825.17, with interest from April 1, 1891, and costs."

Demurrer to statement was filed for the following reasons :

1. The judgment against the Norfolk Coal & Coke Co., mentioned in plaintiffs' statement, was obtained against said company on April 18, 1891, whereas the bond on which plaintiffs' claim is founded was executed subsequently, to wit, on May 23, 1891, and is conditioned for the payment of a future judgment and costs.

2. The judgment against the Norfolk Coal & Coke Co., mentioned in plaintiffs' statement and on which plaintiffs' claim is founded, is not a judgment in personam, but is a judgment in rem against the property of said last named company attached by plaintiffs, the same having been obtained in foreign attachment proceedings ·for want of an appearance at the third term of the court next after the execution of the said writ, on which judgment no action in assumpsit will lie against either the said Norfolk Coal & Coke Co. or its surety, the defendant.

Demurrer sustained, with leave to proceed in the foreign attachment, in opinion by REED, J., 2 Dist. R. 245.

*Error assigned* was in sustaining demurrer.

*Leoni Mellick, John Sparhawk, Jr.,* and *Sheldon Potter,* with him, for appellants, cited : McClenachan v. McCarty, 1 Dal. 375 ; Smith v. Ayre, 149 Pa. 272.

*Joseph S. Clark, Henry K. Fox* with him, for appellee, cited : Act of June 13, 1836, § 62, P. L. 583.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 15, 1894:

This suit is against defendant company as surety in the recognizance of bail given to dissolve the attachment against the Norfolk Coal & Coke Co., in favor of the present plaintiffs. The condition of the recognizance is, in substance, that, if the company defendant in the foreign attachment proceeding shall be condemned, it will satisfy the condemnation money and costs; and, if it fails to do so, the surety will pay the same. Shortly after the judgment by default was taken in that case, but before the debt therein demanded or any part thereof had been paid, the said Norfolk Coal & Coke Co., defendant therein, appeared and upon giving the recognizance aforesaid, with the present defendant as surety, the attachment was dissolved. This was done pursuant to the 62d section of the act of June 13, 1836, P. L. 583, and the 2d section of the act of March 20, 1845, P. L. 189, the former of which provides : " That if the defendant or defendants in the attachment, and every of them, shall, at any time before the money paid, put in and perfect bail, . . . . the attachment, and all proceedings had thereon as aforesaid, shall be dissolved, and the action shall proceed in due course, in like manner as if the same had been commenced by summons." The proceedings thus " dissolved," by appearing and giving bail to the action, were the attachment, the judgment by default and the rule to open the same, etc. The recognizance was substituted for the property attached in the hands of the garnishee, and thereupon the proceeding ceased to be in rem. The plaintiffs had no further claim either upon the garnishee or the property attached, and thenceforth, in the language of the statute, the action should have proceeded in due course, in like manner as if the same had been commenced by summons. What was subsequently done with the rule to open the judgment by default, etc., is matter of no consequence. That rule, together with all other proceedings under the attachment, fell, or, in the language of the act, was " dissolved " the moment the attachment was dissolved by giving bail to the action. The case was then in a position for the plaintiffs to proceed and establish their claim against the original defendant. Theretofore it had not had its day in court as contemplated by the act. The attachment served on the garnishee, etc., had the effect of compelling it to appear and enter

bail.  This we think is the plain meaning of the act, and is in harmony with other provisions thereof which authorize the nonresident defendant in foreign attachment, after judgment against the garnishee, to come into court within a year and a day, disprove or avoid the debt recovered against him, or discharge the same with costs, and have restitution of the goods or effects, or the value thereof, attached and condemned, etc.

It follows therefore that the learned court was right in sustaining the demurrer to plaintiffs' statement, and the judgment should not be disturbed.

Judgment affirmed.