PRESTON v. McNEIL LUMBER CO.

(Circuit Court, M. D. Pennsylvania. February 6, 1906.)

No. 40.

REMOVAL OF CAUSES—FOREIGN ATTACHMENT—SUFFICIENCY OF BOND—CONDITION FOR SPECIAL BAIL.

An undertaking to dissolve a foreign attachment, under the law of Pennsylvania, must be an absolute one for the payment of the debt or damages recovered, and constitutes "special bail," within the meaning of the removal act (Act March 3, 1875, c. 137, § 3, 18 Stat. 470 [U. S. Comp. St. 1901, p. 510]), which requires a bond for the removal of a cause to be conditioned for the entering of such bail when originally requisite; but, since a defendant is not required to enter such bail under the law of the state, but may at his option appear and contest the action, leaving the attachment in force, it is not necessary that a removal bond in such case be so conditioned, particularly where an undertaking to that effect has been given in the state court, which necessarily remains in full force and effect in the federal court after the removal.

On Motion to Remand to State Court.

E. H. Owlett and D. W. Baldwin, for the motion.

Vernon Cole, C. La Rue Munson, and Willard, Warren & Knapp, opposed.

ARCHBALD, District Judge. This is a foreign attachment in assumpsit, originally brought in the common pleas of Tioga county, Pa., to recover a balance of $2,800 claimed to be due by the defendants, on a sale of timber; the property attached consisting of certain logs and lumber in the hands of the garnishee, and bail to dissolve being fixed by the plaintiff at $5,000. The action was brought Jan-

uary 19, 1905, and the defendants appeared promptly on January 23d, giving bail in the required amount on March 6th following. Nothing further was done, however, until August 15th, when the plaintiff filed his statement of claim, and on September 2d, before the time for pleading thereto had expired, the defendants, being citizens of New York, and the plaintiff, a citizen of Pennsylvania, filed a petition and bond to remove the case into this court. The bond was in $500 with a sufficient surety, and was conditioned that the defendants should enter and file copies of the record of the case on the first day of the next session and "do such other appropriate acts as by the statutes of the United States are required in that behalf, upon the removal of a suit from a state court into the United States Circuit Court," and also to pay all costs that might be awarded by said court, if it should be held that the suit had been wrongfully or improperly removed. The acts of Congress upon the subject, in addition to what is so provided for in the bond, require that it shall be conditioned for the party's "appearing and entering special bail in such suit if special bail was originally requisite therein." Act March 3, 1875, c. 137, § 3, 18 Stat. 470; Act March 3, 1887, c. 373, § 1, 24 Stat. 552; Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 510]. This last provision having been omitted from the bond, a removal was resisted by the plaintiff, and the learned president of the common pleas, being of the opinion that the law had not been complied with, withheld his approval and dismissed the petition. The defendants, however, contending that the steps taken to remove the case were sufficient, filed a copy of the record in this court, and, having obtained a recognition of their standing here, a motion is now made by counsel for the plaintiff to remand the case to the common pleas.

The sufficiency of the removal is not to be disposed of on the idea that bail to dissolve is simply in the nature of a forthcoming or delivery bond. Whatever may be said of it in other jurisdictions, dependent upon local statutes (Ramsey v. Coolbaugh, 13 Iowa, 164), that is not true of it here, in which respect, as it may be observed in passing, it differs from the bond to be given by the defendant in case of a fraudulent attachment (Act March 17, 1869, § 3 [P. L. Pa. 9]; Maitland Driving Park Association v. Fisk, 3 Lack. Leg. N. [Pa.] 210). The object of a foreign attachment is to compel an appearance from a nonresident defendant, who cannot otherwise be reached. According to the statutes upon the subject in Pennsylvania, he may thereupon either appear and make defense to the action, in which case it proceeds as if begun by a summons, except that the attachment continues to bind the property attached (Act June 13, 1836, § 64 [P. L. 584]), or he may put in and perfect bail, which shall be bail absolute, by recognizance with sufficient sureties, in double the amount in controversy, as nearly as may be ascertained, conditioned for the payment of the debt or damages, which may be recovered with interest and costs (Act March 20, 1845, § 2 [P. L. 189]). As the law originally stood, however, this bail was bail to the action, in the sum demanded by the plaintiff or in such sum as the court upon cause of action shown should order, the plaintiff, as stated by Duncan, J.,

in Fitch v. Ross, 4 Serg. & R. (Pa.) 557, being given the highest security known to the law, security by the body; or the defendant might make deposit in the manner provided in the case of an arrest upon a capias ad respondendum; the action in either case proceeding after the dissolution the same as if it had been begun by such writ. Act June 13, 1836, § 62 (P. L. 583). The bail which was so provided for, as it will be noted, was special bail or the customary deposit in lieu of it, and its character in this respect is not changed. Hailman v. Wilson, 1 Clark (Pa.) 189. The security now required is an undertaking by the defendant and his sureties, by recognizance, by which, in consideration of the release of the property attached, they become responsible to the plaintiff for the amount which may be thereafter recovered. Borden v. American Surety Co., 159 Pa. 465, 28 Atl. 301. In form as well as in nature this is bail, and it is special, in that it is given by responsible, and not merely nominal, parties, as in the case of common bail, with which it is contrasted. 3 Am. & Eng. Encycl. Law (2d Ed.) 591.

But this discussion, after all, is somewhat academic. Notwithstanding the conclusion which is so reached, the plaintiff is not entitled to have the case remanded. While the undertaking to dissolve a foreign attachment is such as is stated, the defendant is not bound to enter it. He may simply appear, as we have seen above, if he so desires, and allow the attachment to stand. It is not as though the action were begun by capias, to which the statutes regulating a removal evidently apply, and for which they intend to provide, where bail to respond, unless the defendant is unable to secure it or prefers to go to jail, is absolutely necessary. Even there, however, bail having been once put in, there is no occasion to renew it. And as, upon a removal, the case proceeds in the Circuit Court the same as if it had been begun there, every step previously taken in it being given due effect (Lebensberger v. Scofield [C. C. A.] 139 Fed. 380), where bail to dissolve, as in the present instance, has been put in, in the state court, before the removal, it holds good in the Circuit Court without more. Even, therefore, if it should be held, contrary to the opinion expressed above, that the case is one in which, within the meaning of the statute, special bail is in fact required, it has already been entered by the defendants, in $5,000, the amount demanded, and it does not need to be entered again; nor can the removal bond be held to be deficient, because it fails to so provide. This requirement, if such it be, having been already met, the provision is no longer of any moment, any more than in a case to which it never applied. Burck v. Taylor (C. C.) 39 Fed. 581. In Cooke v. Seligman (C. C.) 7 Fed. 263, it was held that a bond was sufficient, which was conditioned "to do such other appropriate acts as by the statutes of the United States in that behalf, upon the removal of a suit from a state court into the United States Circuit Court, require," even though there was no provision with regard to the entry of special bail; which is the exact condition here. It was also held, in Coburn v. Cedar Valley Land Co. (C. C.) 25 Fed. 791, that the form of the bond was not matter of substance so as to affect the validity of the removal; and, in Harris v. D. L. &

W. R. R. (C. C.) 18 Fed. 833, that a defect in the bond could be cured by substituting a new one. But it is not necessary to go to the length of either of these cases. Having regard to the state of the record at the time of the removal, the bond, which we have here, is good as it stands, whatever view be taken with regard to the act of Congress; and the removal must therefore be sustained. It is true that a different conclusion was reached by the learned president of· the common pleas, for whose judgment I have the highest regard; but, for the reasons given, I am unable to coincide therein, and, while this may possibly raise a conflict of jurisdiction, I trust that some way will be found to avoid this result.

The motion to remand is refused.