## KNOTT ET AL. V. TINCHER ET AL.

1. **Verdict:** SPECIAL FINDING. In an action for the recovery of property alleged to have been given to defendant for the use of plaintiffs, and averred in the answer to have become defendant's by absolute gift, an interrogatory asking a special finding as to whether the conveyance was absolute or conditional was both material and pertinent to the issue.

2. **Pleading:** ABSOLUTE GIFT. Under the practice of this State, every lower degree of right than the one pleaded is included therein, and where an absolute gift is alleged, a lower degree of title may be shown.

*Appeal from Warren District Court.*

FRIDAY, OCTOBER 23.

THIS is an action to recover money alleged to have been received by the defendant, Mahala, for the use of the plaintiffs. The plaintiffs are three sisters, children of John M. Knott,

now deceased, by a first wife. The defendants are the widow of said Knott by a second marriage, and her second husband. The first wife of Knott, the mother of plaintiffs, was the owner of certain real estate, which descended to plaintiffs; after his second marriage and the birth of two children therefrom to him, Knott entered the military service, and, as is claimed by defendants, in order to equalize as far as practicable the inheritance of his children, in case of his death in the army, he transferred his property to his second wife, the defendant, Mahala, from whom the last two children would inherit. Knott died in the service in 1864, these plaintiffs being then minors, and the youngest of them having reached majority, eighteen years of age, since the bringing of this suit. These plaintiffs, it seems, have not lived with the defendants for several years past. No administration was ever granted upon the estate of said Knott, but no question is made as to the parties or their rights to sue. The plaintiffs claim to recover three-fifths of two-thirds of the property left by their father at his death; they concede the right of the widow to one-third, it being personal property and choses in action, and the equal right of the two children by the last marriage; they claim that the defendants, Mahala and husband, have received said property and its proceeds, amounting to about $2,500, and that two-thirds of three-fifths thereof was received for their use. The defendants claim that said property was given absolutely by said Knott to said Mahala, before he left home to enter the army.

The cause was tried to a jury, who found a general verdict for plaintiffs for $459, and also a special verdict as shown by the opinion. Judgment was rendered on the general verdict for the plaintiff. The defendants appeal.

*Bryan & Seevers*, for appellants.

*Wm. Wilson* and *H. McNiel*, for appellees.

COLE, J.—The only question made by this appeal is upon the sixth special finding by the jury, which was submitted by the court against defendants' objections, and which the defend-

ants moved to set aside, and for judgment in their favor, notwithstanding the general verdict. The statement preceding this opinion shows the nature of the controversy and the issues involved. At the close of the evidence, the defendants submitted five special interrogatories for the jury to answer in their findings. They were:

*First.* Did the defendants receive the rent of plaintiffs' land? Answer—No.

*Second.* Did they receive rent for a house and lot of deceased's, over taxes paid? Answer—No.

*Third.* How much did defendants receive and realize from the property left by deceased? Answer—$1,200.

*Fourth.* Did Knott make a gift of said property to Mahala? Answer—He did.

*Fifth.* How much of said property did she expend in support of herself and family? Answer—$300.

And the *sixth*, submitted by the court, is as follows: Did he give her said property absolutely or conditionally; and, if conditionally, upon what conditions? Answer—Conditionally; those conditions were the support of herself and the children.

The objections to this sixth special finding are, that it is immaterial, and there was no issue upon which to base it.

1. VERDICT: special finding. This whole action, though commenced and prosecuted as a law action, or ordinary proceeding, is essentially an equity action in all its characteristics. But if there is any misjoinder of causes of action, it was waived by failure to object as provided for in Rev., Secs. 2846-7, Code, Sec. 2632-3; and if there is error as to the kind of proceedings, that was waived by failure to move for its correction at the proper time. Rev., Sec. 2619, Code, Sec. 2519. This leaves all questions of the rights of the plaintiffs, whether legal or equitable, open for inquiry in this case. And in this view, if the gift to the defendant, Mahala, was with a condition or trust in favor of the plaintiffs, an inquiry into it was material. The special finding was not, therefore, immaterial.

As respects the issues, the defendants claim here that their

averments in the answer assert an absolute gift, and not a con-
ditional one. But under our practice, Rev., Sec.
2966, Code, Sec. 2729, a party is not compelled to
prove more than is necessary to entitle him to the relief asked
for, or any lower degree included therein, nor more than suf-
ficient to sustain his defense. Under the pleadings, therefore,
of an absolute gift, the defendants might show a less title or
right. So, under a denial of such absolute gift, the plaintiffs
might show any lower degree of right in the defendants. The
special finding was, therefore, justified by the issues. But,
further than this, a fair construction of the pleadings them-
selves justifies it. The special findings are not at variance
with the general verdict.

2. PLEADING: absolute gift.

AFFIRMED.