Frank Eggleston, Appellee, v. Mason & Company *et al.*, Appellants.

1. **Partnership**: ACTS OF AGENT: ESTOPPEL. Where, in an action against a partnership upon a promissory note purporting to be the note of the firm, there was a general denial and a denial that the signature to the note was genuine, to which there was no reply nor plea of estoppel, *held*, that it was error to instruct the jury, that, if the money for which the note was given was received by the firm, and used in its business, it could not be heard to deny the authority of its agent to make and deliver the note.

84 630
93 627
84 630
103 517
84 630
112 283
112 630
112 693
84 630
115 606
84 630
132 435

2. ———: EVIDENCE.  Evidence, that, from one's observation of the manner in which the business of a partnership is conducted, and of the part taken therein by a person named, such person is a member of the firm, is incompetent.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

MONDAY, FEBRUARY 8, 1892.

ACTION to recover an amount alleged to be due on a promissory note.    There was a trial by jury and a verdict and judgment for the plaintiff.    The defendants appeal.—*Reversed.*

*Whiting S. Clark*, for appellants.

*Chamberlain & Stewart*, for appellee.

ROBINSON, C. J.—The note in suit was given on the tenth day of September, 1878 for the sum of five hundred dollars, was payable sixty days after its date, and purports to be signed by defendants Mason & Co. The plaintiff claims that there is due thereon the sum of five hundred and twenty-two dollars and seven cents, with interest on that amount at ten per cent. per annum from the twenty-fifth day of October, 1888. The defendants are Mason & Co. and E. R. Mason. They deny the making of the note, and allege payment in full.    During the year 1878, Mason & Co. were engaged in the business of manufacturing and dealing in tinware and other merchandise.    The business was managed by J. F. Mason.    There is evidence which tends to show that the note in suit was made and delivered by J. F. Mason for the benefit of the firm of Mason & Co., and it is claimed by the plaintiff that he was a member of the firm and duly empowered to give the note.    The defendants insist that he was not a member of the firm; that he was not authorized to give the note; and that E. R. Mason constituted the firm when

the note was given. The jury specially found that J. F. Mason was not a member of the firm.

I. The court permitted the plaintiff to show that the money for which the note was given was used in the business of the firm. The jury were instructed as follows:

"If you find that the money borrowed of the plaintiff for which the note in suit was given was actually used in the business of the firm by Mason & Co. for its use and benefit, then you are instructed that the defendants cannot be heard to deny the authority of said J. F. Mason to borrow the money and execute and deliver the note in question; and if you find that the said J. F. Mason did in fact borrow the money of the plaintiff, and give in evidence thereof the note in suit, or that such note was given partly in payment of another note held by the plaintiff against the firm of Mason & Co., and partly on account of money borrowed; and you further find that the money received by said J. F. Mason was actually put into the business of Mason & Co., and said firm had the benefit and advantage thereof,—then, unless you further find that such note in suit has been paid as you are hereinafter instructed, your finding should be for the plaintiff, and you will so say by your verdict."

1. PARTNERSHIP: acts of agent: estoppel.

We are of the opinion that this portion of the charge was erroneous, as applied to the issues raised by the pleadings. It told the jury, in effect, that if the money for which the note was given had been used in the business and for the benefit of the firm, the defendants were estopped to deny liability on the note. The defenses set out in the answer are a general denial, a denial that the signature to the note is genuine, and an averment that the note has been paid. To the answer there is no reply, and there is no averment nor suggestion of an estoppel in the pleadings. It was therefore reversible error to so instruct the jury that they might find for the plaintiff on the ground that an estoppel had

been proven. *Independent Dist. v. Merchants' Nat. Bank,* 68 Iowa, 347; *Eikenberry v. Edwards,* 67 Iowa, 619.

It is insisted that there may be a ratification of the unauthorized acts of an agent; that in such a case the act of the agent may be treated as originally authorized, for the reason that the ratification relates back to the inception of the transaction; hence that no reply is required, and no averment in the pleadings is necessary in order to authorize proof of ratification. We do not think the portion of the charge under consideration was designed to instruct the jury in regard to ratification, but, if it be conceded that it was, it was erroneous, for the reason that it wholly ignores the fact that there can be no ratification without knowledge of the act ratified. There was evidence tending to show that E. R. Mason was the sole member of the firm of Mason & Co. when the note in suit was given; that it was given without his knowledge and without authority. If the facts were as claimed by the defendants, it does not follow that, because the money was used for the benefit of the firm, there has been a ratification of the act of J. F. Mason in giving the note.

II. A witness was permitted to testify that J. F. Mason was a member of the firm of Mason & Co. in the year 1878. Whether he was a member at that time was a vital issue in the case. The witness had little or no knowledge of the fact, except as he had gathered it from observing the manner in which the business was conducted, and the part which J. F. Mason took in connection with it. His answer was essentially the statement of his conclusions drawn from facts which did not necessarily sustain them. There was nothing in the character of the services rendered for the defendants by J. F. Mason incompatible with the claim that he was not a partner, but a mere agent of the firm. The question which the witness was permitted to answer should have been left to the determination of the jury, and the witness, in

2. ——: evidence.

testifying in regard to the matter in question, should have been confined to a statement of relevant facts of which he had knowledge, which would have aided the jury in deciding whether J. F. Mason was a partner or not. It is true the special finding of the jury shows. that the plaintiff was not prejudiced by the evidence in question, and the appellants ask that the judgment of the district court be reversed without disturbing the special finding. But the business of the defendants. was conducted by J. F. Mason, and he was so intimately connected with all the transactions in controversy that a re-trial should include a reexamination, not only as. to his acts, but as to the question of the actual relation he sustained to the defendants. For the reason stated the judgment of the district court is REVERSED.