LOUIS PLATT v. KOEHLER, DICKEY & COMPANY *et al.*, Appellants.

1 **Partner : Making Firm Note.** Where a member of a firm gives its note intending to use the proceeds for himself, the burden is on the firm to show that the payee knew or should have known such intention, and that the note was outside of the scope of the partnership business. *Sherwood v. Snow*, 46 Iowa, 481, followed.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, OCTOBER 4, 1894.

The following are the facts and conclusions of law as found by the district court:

"This is a suit upon a promissory note for three hundred dollars, of date of October 20, 1890, in favor of plaintiff, and signed by the firm name of Koehler, Dickey & Co. Each of the parties waived trial to a jury, and same is tried to the court without jury. At the request of parties hereto, I make the following findings of fact and conclusions of law namely:

"(1) The firm of Koehler, Dickey & Co. was composed of the defendant C. F. Koehler and the firm of Randall & Dickey, which said firm of Randall & Dickey is composed of the defendants Adam Dickey and George W. Randall. That said firm of Koehler, Dickey & Co. was a mercantile or a trading firm engaged in the business of buying and selling agricultural implements in the city of Winterset, Iowa. That the defendant C. F. Koehler resided in said city of Winterset, Iowa, and had the active management and control of the business of said firm, and the defendants Adam Dickey and George W. Randall resided in the city of Des Moines, Iowa.

"(2) That the plaintiff, on the date of the note in suit, applied to the defendant C. F. Koehler to loan the money for which said note was given. That said note was executed by the defendant C. F. Koehler in the name of the firm of Koehler, Dickey & Co., and the three hundred dollars was paid by plaintiff by the delivery to said C. F. Koehler of a check on the Citizens' National Bank of Winterset, Iowa, payable to said firm, which said check was thereafter paid by said bank.

"(3) That said money so borrowed from the plaintiff was used by the defendant C. F. Koehler for his individual use and benefit, and was in no manner used in connection with the business of said firm. That the defendants Adam Dickey and George W. Randall

had no knowledge of the fact of said loan, and did not authorize the said C. F. Koehler to so borrow money for his individual use, and execute note therefor in the name of the firm.

"(4) Upon the trial hereof the defendant C. F. Koehler testified that, at the time of borrowing the said money and executing said note, he informed plaintiff that same was for his individual use, and not for the use or benefit of the firm. The plaintiff denied this, and testified that he loaned same to the firm, and that said Koehler informed him that the firm would rather borrow the money for a year than for a shorter period. There is nothing in the record or in the statements of either of these parties that would lead me to rely more upon the statements of the one than upon the statements of the other. The testimony, therefore, upon the question of notice to the plaintiff as to said money being used by the defendant Koehler for his individual use, is in equipoise.

"From the foregoing facts, I draw the following conclusions of law:

"(1) The note being executed in the name of the firm, by a member thereof, the plaintiff had the right to presume that it was executed in the usual course of business of the firm, and was binding on all the members thereof.

"(2) That to overcome this presumption the burden of proof is upon the defendant to show, not only that the money for which said note was given was used for the individual benefit of the defendant Koehler, but also that plaintiff, at the time he loaned said money, and accepted said note, knew, or had reason to believe, that said money was being borrowed by said Koehler for his own use, and not for the use of the firm.

"(3) That, the burden of proof being upon the defendants to establish this fact by a preponderance of the evidence, and the testimony offered upon the question of the plaintiff's notice being in equipoise, the

plaintiff is entitled to recover herein against each of the defendants for the full amount due upon said note, with costs and attorney's fees. Judgment will be entered accordingly.''

From the judgment the defendants appealed.—*Affirmed.*

*A. R. Dabney* and *Dudley & Coffin* for appellants.

*Steele & Robbins* for appellee.

GRANGER, C. J.—It is conceded on the authority of *Sherwood v. Snow,* 46 Iowa, 481, that ''an individual loaning money to one member of a mercantile firm, and receiving a note therefor, has a right to presume that the note is made in the course of the partnership business, and binds all the members of the firm.'' The facts giving rise to the rule thus stated are precisely those of this case. In this case the fact is disclosed on the trial that Koehler, in obtaining the money, intended it for his own individual use, and so used it. It thus actually appears that the money was borrowed and used for a purpose outside of the partnership affairs, and without authority, but without knowledge on the part of the plaintiff, and in a way that he had a right to presume it was for the firm use, and that the transaction was authorized by the firm. To defeat a recovery, in view of such facts, it must be made to appear that plaintiff parted with his money and took the note with knowledge of Koehler's purpose in obtaining it, and as to this fact the court found that the testimony was ''in equipoise,'' and, as a conclusion of law, held that, the burden being with defendants to show such knowledge, they must fail. Appellants' claim is that when the facts are shown to be otherwise than as plaintiff, under the rule, had a right to presume them,—as that the money was not borrowed for the firm, nor authorized by it,—then it devolved upon plaintiff to show that he was without

knowledge of the facts. It seems to us that the case of *Sherwood v. Snow, supra,* is quite conclusive of the question. See, also, *Buettner v. Steinbrecher,* 91 Iowa, 588, 60 N. W. Rep. 177. It should not be overlooked that the facts of that case and this are different from many cases on which reliance is placed, wherein an individual member of a firm gives the firm note for his own debt, or for the accommodation or security of the partner or of a third person, and money or property is not parted with when the note is executed. In the case of *Bank v. Selden,* 3 Minn. 155, the rule is stated as follows: "It is also well settled by the American decisions that where it appears in proof, or by the instrument itself, that a partnership note was given for the debt of one of the partners, or the partnership name was used for the accommodation of or the security of the partner or a third person, and that such fact is known to the creditor, or is implied from the nature of the transaction at the time the note or other instrument is received by him, the burden of proof is thrown on the creditor to show a previous authority or subsequent consent on the part of the other partners, before they can be charged. 1 Am. Lead. Cas. 406, etc., and the cases there cited." It will be seen that the rule of that case is that the burden shifts to the creditor when it appears that the note is given for a private debt, for accommodation, security, or the like, *and such fact is known to the creditor, or is implied from the nature of the transaction at the time the note or other instrument is received by him.* There is a long line of authorities of substantially the same character. Some general statements give rise to appellants' contention, but in no case that we have seen is a rule announced that shifts the burden as to knowledge, with the facts as in this case. In the *Sherwood* case, *supra,* after stating that "an individual loaning money to one member of a mercantile firm, and receiving a firm note therefor, has a right to presume that

the note was made in the course of the partnership business, and binds all the members of the firm," it is further said: "But this presumption may be rebutted by showing it to be otherwise." The presumption is not rebutted by showing that the partner acted wrongfully, but by showing that the creditor had *no right to presume* that the note was made in the course of the business of the firm, and this may be done by showing that when he received the note he knew, or had reason to know, that it was for the accommodation, security, or personal benefit of the member of the firm, or such knowledge may be implied from the nature of the transaction in some cases, as where the note is received for a preexisting debt due from the partner to the creditor. Mr. Daniel, in his work on Negotiable Instruments, in discussing the subject "As to the Burden of Proof" (section 369), speaking of a note signed by the firm name, as in this case, says: "If the firm resists payment, it will be sufficient to show that the copartner signed the firm name for a *private debt due the plaintiff*, and its defense is then complete, unless the plaintiff reply by showing the assent of the copartners." The italics are ours, to show the presumption that arises from the fact that the note is given for a debt of the partner, which indicates that the transaction is personal as to him. No case holds that a "defense is complete," in a suit on such a note, for the firm to show that the copartner used the money obtained for the note for his private use, unless the plaintiff show that he had no knowledge of such purpose when the note was received. Appellants cite other parts of the same section in Daniel on Negotiable Instruments, but they refer to different facts—as where the suit is brought by a "subsequent holder" of the paper, and the well known rule as to the change of the burden of proof is stated where there is fraud at the inception of the contract. We think the legal conclusions of the court are correct, and its judgment is AFFIRMED.