S. E. MATTHEWS v. J. H. LUERS DRUG COMPANY and J. H. LUERS, Appellant.

**Practice:** CHANGE OF FORUM: *Law and equity.* Assuming that plaintiff's testimony discloses a partnership transaction, the error in trial of the issues in a law forum is waived by failure to object, under Code, section 3437, providing that an error as to kind of proceedings is waived by a failure to move for a correction, though the defendant moved the court to dismiss when plaintiff had rested; Code, section 3432, prohibiting dismissal for such cause.

**OBJECTIONS:** *Incompetency and best evidence.* Where a witness in his deposition gave the contents of a written contract and certain letters in answer to interrogatories, such evidence, though secondary, will not be excluded on the objection of incompetency.

**TO DEPOSITIONS:** *What may be urged in trial.* Under Code, section 4712, requiring all exceptions to depositions, other than for incompetency, irrelevancy or immateriality to be filed with the clerk before trial, an objection made at the trial that the statement of a witness in his deposition is "purely voluntary and not responsive" will be disregarded.

**CROSS-EXAMINATION LATITUDE:** *Discretion.* The range of cross-examination concerning the relation of a witness to a party is largely within the sound discretion of the trial court.

*Appeal from Page District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, JANUARY 18, 1900.

THE petition alleged: That the plaintiff and the defendant Luers, who did business in the name of J. H. Luers Drug Company, agreed to engage in the business of painting houses,—Luers to furnish materials used, at a fair profit, and Matthews to receive three dollars per day for

supervising the work; the profits after the payment of these items, to be equally divided. That in pursuance of such arrangement they entered into a contract in the name of Luers to do the painting on the State Hospital for the Insane at Clarinda, for the consideration of two thousand one hundred dollars, which they performed at a profit of $1,237. That the defendant received payment in full from the state, and has failed to turn over to the plaintiff one-half of said profits, except the sum of fifty-two dollars and twenty-eight cents. And that there is a balance his due of five hundred and fifty-six dollars, for which judgment is prayed. The defendant admitted entering into the contract to paint the asylum at the price averred, and that the net profits were as stated, but denied that there was any agreement to share profits. He alleged that he at first agreed to pay the plaintiff three dollars per day, but subsequently raised his wages to five dollars per day, and there is still owing him thereon the sum of forty-four dollars and one cent, which amount has been tendered, and was brought in court. There was a trial to jury, verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*H. E. Parslow* and *T. E. Clark* for appellant.

*G. I. Miller* and *C. S. Keenan* for appellee.

LADD, J.—It will be observed that the alleged agreement between the parties did not contemplate the sharing of losses, and for this reason the action was not based on a partnership transaction. *Ruddick v. Otis,* 33 Iowa, 402. If it be conceded that the testimony of the plaintiff disclosed such a relation, no objection whatever was interposed to the trial of the issues in the law forum. The relief sought might be awarded in either, and the defendant, by failing to ask for the correction of the error, if any, in the proceedings, waived it. Code, section 3437. *Knolt v. Tincher,* 39 Iowa, 628; *Green v. Marble,*

37 Iowa, 95; *Weaver v. Kintzley,* 58 Iowa, 192. True, the defendant moved the court to dismiss the action when plaintiff had rested, but section 3432 of the Code expressly prohibits the dismissal or abatement of a suit because of an error in the kind of proceedings. The relief sought in a motion to dismiss is entirely different from, and antagonistic to, a request to transfer, and does not include the latter, as suggested by the appellant. No hint of a preference to have the issues determined by the judge, rather than the jury, was given until after the verdict, and then it was too late.

II.  The evidence of one Finlayson was taken by deposition, and in answer to interrogatories he gave the contents of a written contract and certain letters. No written exceptions were filed, and the appellant insists that the objection interposed at the trial, of incompetency, ought to have been sustained. Secondary evidence is not excluded because incompetent, as it is not so, but for that it is not the best of which the case, in its nature, is susceptible. *Homestead Co. v. Duncombe,* 51 Iowa, 525; *Stove Co. v. Shedd,* 82 Iowa, 544; *Buettner v. Steinbrecher,* 91 Iowa, 592.  In *Hunt v. Higman,* 70 Iowa, 406, it was simply held that the court will be assumed, in reaching its conclusion, to have rejected improper evidence, to which timely objection has been interposed, though no ruling thereon appears to have been made. No point seems to have been made as to the sufficiency of the objection.  To the sixth cross-interrogatories the witness responded in part, "I supposed that Luers & Co. consisted of Luers and Matthews." the objection made at the time of the trial, that this was "a purely voluntary statement, and not responsive," was rightly disregarded as not permissible under section 4712 of the Code, requiring all exceptions to depositions, "other than for incompetency, irrelevancy or immateriality," to be filed with the clerk before trial.

III.   While the cross-examination of the physician called by the defendant is not to be commended, and counsel might very properly have been required to desist, it could have worked no prejudice. The range of cross-examination concerning the relations of a witness to a party is largely within the discretion of the court, and this was not abused in permitting the inquiry of Segmer.—AFFIRMED.

GRANGER, C. J., not sitting.