C. A. THOMPSON, Appellant, v. DES MOINES DRIVING PARK.

**Corporations:** AUTHORITY OF OFFICERS TO MAKE NOTE. A corporation, whose articles provide that the president, or vice president in the absence of the former, shall execute all notes for the corporation, appointed its vice president and secretary to make a settlement with certain creditors, by which the corporation was to execute certain notes to the creditors. *Held,* that the corporation was not liable on a note signed for the corporation by the secretary in making such settlement, since he had no authority to execute such note.

RATIFICATION. Where there is no evidence that a corporation had notice of the execution of a note for the corporation by an officer having no authority to do so, there is no ratification shown which warrants a recovery against the corporation.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, DECEMBER 22, 1900.

THE issues as presented by the district court, and the facts as found by it, are as follows: "Action upon a promissory note for $450, payable to the order of plaintiff, and signed, 'Des Moines Driving Park, by E. B. Farley, Sec'y.' After denying the execution of the note, the answer avers that the note was not signed by or with the authority of the board of directors of the defendant; that said Farley had no authority from said board or any authorized officer of the defendant to sign it, nor had he any authority of any kind whatsoever to act for or on behalf of defendant. It was developed upon the trial that the defendant is a corporation organized under the laws of this state; that at the time of the execution of said note the defendant was indebted to plaintiff in the sum of $900 on account of a prize or purse offered by it to the winner of a race, and which was won by him; that just before the execution of said note the board of directors of the defendant held a meeting, at

which said Farley was elected secretary *pro tem.,* and which
adopted the following: *'Resolved,* That F. C. Hubbell and
E. B. Farley be authorized to offer the horsemen, in settle-
ment of their claims, the following: With respect to the races
declared off for Friday and Saturday, the entrance money
shall be returned to the owners paying it in, upon their re-
lease for said two days. With respect to the races that have
taken place, the difference between the entrance money and
the purses paid shall be divided among the winners in the
proportion that the purses would ordinarily have been. With
respect to the winners of the special pacing race and the
$2,500 for the presence of Delmarsh, the best settlement pos-
sible shall be had. The difference in each case between the
money so paid and the full purse or stake shall be paid when-
ever the company is able to do, and in the meanwhile the
company shall execute its notes to the several winners for the
deficit, payable in sixty days, interest at six per cent.' With-
out any authority other than the foregoing, said Hubbell and
Farley agreed with plaintiff that he should be paid $450 in
cash, and should accept a note for a like amount, due in
sixty days, and the note sued on was then and there executed
and delivered to plaintiff in accordance with the terms of said
agreement. The articles of incorporation of the defendant
company contain the following provision: 'The president of
the corporation shall sign and execute all notes, mortgages,
releases, and all other contracts and obligations within the
scope of the business of this corporation, as in these articles
contemplated, and which said board of directors may author-
ize him to execute. In case of the absence or disability of the
president, the vice president may exercise all the power and
perform the duties of the president during said absence or
disability.' At the time of the execution of the note in suit
the president of the defendant was not in the United States.
F. C. Hubbell was its vice president and J. N. Neiman its
secretary. By the terms of the foregoing resolution, Messrs.

Hubbell and Farley clearly had authority to make settlement with plaintiff on conditions therein described." The district court found, as an ultimate conclusion, that the board of directors never authorized the signing of the note, and gave judgment for defendant for costs. The plaintiff appealed.— *Affirmed.*

*H. F. Dale* for appellant.

*Cummins, Hewitt & Wright* for appellee.

GRANGER, C. J.—I. The only authority of Farley to sign the note in suit is contained in the resolutions set out above, and we concur in the conclusion of the district court that the note was signed without authority, and hence it was not the note of the defendant.

II. Appellant makes the point that the note is valid because of acquiescence and ratification by the defendant. The district court must have found against plaintiff on this question, or it would have given judgment for him. In fact it appears from an opinion in the record that the court found there was no such acquiescence or ratification as to validate the note. It would seem that notice of the making of the note would be necessary before the defendant could be estopped to deny its validity, and no such fact is established. See *Eggleston v. Mason,* 84 Iowa, 630. These considerations seem to us conclusive of this case, and the judgment is AFFIRMED.