SHELDON AND SHELDON, Appellants, v. BIGELOW AND BIGE-
LOW, *et al.*

Suit on Promissory Notes: EVIDENCE: HELD IMMATERIAL. Testi-
1    mony on cross-examination considered and found incompetent
and immaterial.

Cross Examination: IMMATERIAL MATTER. A witness cannot be
2    cross-examined on immaterial matters.

CROSS-EXAMINATION: WHEN ANSWERS BINDING: IMPEACHMENT. The
3    answers of a witness on cross-examination on a material mat-
ter, which is foreign to the direct examination, are binding
upon the party calling for the same and such testimony cannot
be impeached.

Refusal of Party to Answer: RIGHTS OF OTHER PARTY. Where a
4    party to a suit refuses to answer a question regarding a state-
ment made by her, which is material, the other side may prove
the statement by their own witness.

Partnership Note: LIABILITY OF PARTNER: BURDEN OF PROOF.
5    Where a note purports to be that of a partnership, it is only
necessary to show that defendant was a member of the partner-
ship, and the burden shifts to him to show that he is not liable
as a partner.

Liability as Partner on Ground of Representation: INSTRUCTION. In
6    an action on a partnership note, an instruction that if a de-
fendant who denies liability held himself out to the public at
large or to the plaintiff as a member of the partnership, was
properly refused as embodying the idea that he was liable if he
held himself out to the public as a partner without knowledge of
plaintiff.

*Appeal from Story District Court.*—HON. J. R. WHITAKER,
Judge.

FRIDAY, DECEMBER 19, 1902.

ACTION on a promissory note. Trial to jury, and ver-
dict and judgment for the defendants. The plaintiffs
appeal. —*Reversed.*

*McCarthy & Lee* for appellants.

*J. K. Macomber* and *B. O. Tankersly* for appellees.

SHERWIN, J.—The note on which the suit was brought was signed, "Bigelow and Bigelow," and it is sought to hold the defendant R. E. Bigelow thereon as a member of that firm, both on the ground that he was in fact a member thereof, and because he held himself out as such. For some years before the 1st of January, 1899, Mrs. S. E. Bigelow and one Smith were partners in the mercantile business in Ames. The defendant R. E. Bigelow is a son of S. E. Bigelow; and it is claimed by the plaintiffs that he was taken into the partnership with Smith and his mother on the 1st of January, 1899, and that when Smith retired from the business on the 10th of February, 1900, the firm of Bigelow & Bigelow was formed and continued until some time in April, 1900, and consisted of the mother, S. E. Bigelow, and the son, R. E. Bigelow. Smith left the firm on the 10th of February, 1900, and at that time the plaintiffs held a note given by the firm of Bigelow & Smith. Soon after this date, the plaintiffs, who are bankers, were informed by both Smith and R. E. Bigelow that Smith had retired from the business, and that it would be continued by Mrs. Bigelow and R. E., her son, and it was agreed by the plaintiffs, Smith, and R. E. Bigelow, that the note of Bigelow & Smith should be taken up, and the note of the new firm accepted in place thereof. A day or two after this arrangement, the note in suit was given to the plaintiffs, and the old one surrendered. Smith was a witness for the plaintiffs, and testified as to the relation of R. E. Bigelow to the old and new firms, and as to the note transaction in question. On his cross-examination

1, EVIDENCE: held imma-terial. the defendants were permitted to ask him questions tending to show false statements made to Mrs. Bigelow with reference to the financial

condition of the business at the time of his settlement with her, and retirement from the firm. He denied the statements which it was claimed he had made to her, and she was then permitted to state what she claimed he had said. There was no issue of fraud before the court, and, in any view of the case which may be taken, the questions asked Smith were incompetent and immaterial to any issue in the case, and were not cross-examination upon any matter as to which he had testified, and they were evidently asked for the purpose of injecting into the evidence matter which did not belong there, and thus create a prejudice against the plaintiffs' claim and their witness. The rule that a witness cannot be cross-examined upon immaterial matters is too well settled to require argument or authority in its support. If the matter had been material, it was still foreign to the direct examination of the witness, and the defendants were bound thereby, and could not call a witness to impeach Smith's answers. There was a prejudicial error in both rulings. The same subject-matter was gone into by the defendants, over the plaintiffs objection, in their examination of their own witness, Mr. Greeley, and this ruling was erroneous.

2. CROSS-EXAMINATION: immaterial matter.

3. SAME: when binding: impeachment:

Mrs. Bigelow was asked, on her cross-examination by the plaintiffs, if she did not state to them, soon after the note in suit was given, that her object in continuing the business was to help her son Robert, and that her highest ambition was to see him established as a successful business man. This testimony was competent and material to the issues in the case, and she would neither affirm nor deny the statement, but the plaintiffs were not allowed to prove by their own testimony that she made it. This was error. They were entitled to a positive answer one way or the other, and the witness could not, by an equivocal one, close their mouths. Stephens, Digest Evidence, 229; *Payne v. State*, 60 Ala. 80.

4. REFUSAL of party to answer: rights of other party.

Mrs. Bigelow, after stating the facts relating to the retirement of Smith from the firm, and the continuation of the business, and as to dissolution notices, etc., was asked if she knew that "Robert was going to assume the debts of the old firm." We think this question asked for her conclusion as to whether he had so agreed or not, and should not have been permitted. *Kelso v. Fitzgerald*, 67 Iowa, 266; *Farmer v. Brokaw*, 102 Iowa, 246.

Other rulings on the introduction of testimony are questioned, but, as the matters are not likely to arise on a retrial, we do not consider them.

R. E. Bigelow alleged in his answer that the note in suit was signed by his mother without his knowledge or consent, and that he was not liable for the debts of Bigelow & Smith or of Bigelow & Bigelow. After stating the issues, the court instructed that the burden of proof was on the plaintiffs to establish their claim in accordance therewith, and no explanation or modification of this instruction was anywhere given. The note purported to be a partnership note, and, to entitle the plaintiffs to a recovery thereon against R. E. Bigelow, it was only necessary for them to prove that he was a member of the firm, and thereupon the burden shifted to him to show that he was not liable as such partner. *Sherwood v. Snow*, 46 Iowa, 481; *Buettner v. Steinbrecher*, 91 Iowa, 588.

5. PARTNER-SHIP note: liability of partner: burden of proof.

The following instruction asked by the plaintiffs was refused: "If you find the defendant R. E. Bigelow was in fact a memer of the firm of Bigelow & Bigelow, or that he held himself out to the public at large or to this plaintiff as being a member of said firm, or as intending at that time to become a member of said firm, and that he afterwards asked the plaintiff to surrender the note which plaintiff held against Bigelow & Smith, and to take the note of Bigelow & Bigelow, and that plaintiff complied with such request,

6. LIABILITY of partner on ground of representations: instructions.

then you will find that said defendant is liable in this cause." This instruction was properly refused, because it embodies the thought that if the defendant held himself out to the public as a partner, though without the knowledge of the plaintiffs, he would be liable to them. The rule is that such holding out must be known to the party seeking to recover. The liability created by one who is not in fact a partner, by holding himself out as such, is based on the doctrine of estoppel, and rests wholly upon the ground that he may not deny the relation which he has by his own act or by his consent permitted others to believe existed, and there is no legal or equitable reason why one who has not relied upon his conduct should hold him liable as a partner. 1 Lindley, Partnership, 42, 43; *Webster v. Clark*, (Fla.) 16 South. Rep. 601 (27 L. R. A. 126, 43 Am. St. Rep. 217;) *Seabury v. Bolles*, (N. J. Err. & App.) 21 Atl. Rep. 952, 11 L. R. A. 136; *Thompson v. Bank*, 111 U. S. 529 (4 Sup. Ct. Rep. 689, 28 L. Ed. 507.) The other propositions stated in the instruction are correct, and might well have been given.

We discover no further error in the record. For those pointed out, the judgment is REVERSED.

WEAVER, J., taking no part.