CONTINENTAL NATIONAL BANK, Appellee, v. FELSING BROTHERS et al., Appellants.

PARTNERSHIP: Authority of Partner—Signing of Notes. Promissory notes signed by one partner in the firm name and in furtherance of objects within the scope of the partnership are necessarily binding on the partnership. Evidence held to justify judgment on the note in question.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER, Judge.

OCTOBER 24, 1924.

ACTION to recover on a promissory note signed in the name of a partnership by one of the partners. Trial to a jury, resulting in a verdict for the plaintiff. Defendants appeal.— *Affirmed.*

*Wagner, Pike & Knoepfler,* for appellants.

*Hess, Crary & Marshall,* for appellee.

DE GRAFF, J.—This cause of action is predicated on a promissory note dated March 7, 1922, for $10,000, payable 60 days after date, with interest at 8 per cent, signed by "Felsing Bros., by Geo. Felsing." By reason of certain payments, the balance now claimed is $7,028.39, with interest from September 15, 1922. The defendants are Felsing Bros., a partnership (composed of George Felsing and Dan Felsing), and George Felsing.

It is admitted in answer that:

"Felsing Bros. is and at all times material to this case

was a copartnership, and that, on or about the 7th day of March, the instrument attached to plaintiff's petition, and marked Exhibit A, was signed by the defendant George Felsing, and that he affixed thereto the name of Felsing Bros.''

At the beginning of the trial of this cause, defendants admitted ''the signing and delivery of the note, and that all payments and credits are correctly indorsed on the back of the note, and that the note is the property of the plaintiff, and past due, and that demand had been made for payment, and that the balance due is substantially $7,254.57 on the 25th of September, 1923.'' Defendants assumed the burden of proof on the affirmative defenses pleaded, and had the opening and closing arguments.

The primary question presented on this appeal involves the scope of the business of the defendant partnership in relation to its liability on the note in suit. The decision of this proposition makes necessary a brief statement of the facts.

Plaintiff is a national bank, located at Sioux City, Iowa. The partnership, known as Felsing Bros., owns and operates a large farm in South Dakota. In 1911, a company known as the Morley Twine Company of Sioux City was reorganized and incorporated as the Consumers Twine & Machinery Company. From time to time, Felsing Bros., as a partnership, purchased stock in the twine company, and George Felsing in 1914 became and remained its president. Dan Felsing continued to live in South Dakota, looking after the operations on the farm, while George Felsing lived in Sioux City, giving a large portion of his time to the affairs of the twine company. It further appears that neither Dan nor George Felsing owned any individual property since the formation of the partnership, but carried everything in partnership account, including their bank account. The expenses of George, incurred in connection with the twine company, were paid with partnership money, and his earnings by way of remuneration or commissions with the company were credited to the partnership. On different occasions, the partnership advanced money to the Consumers Twine & Machinery Company, and received notes or other property therefor; and on one occasion, both George and Dan Felsing indi-

vidually, with twenty-six other stockholders, indorsed a note given by the twine company, and were later forced to pay it. When a repayment of part of this obligation in the sum of $1,000 was made, the partnership received the benefit. In all of the relations between the partnership and the twine company, the business was transacted by George Felsing; but the partnership was the real party in interest, and paid the money. There were some eleven transactions in which money was advanced by the partnership to the twine company. These accounts were unsettled when the twine company was placed in receivership in 1921, and claims were filed by Felsing Bros. against the company.

The note in suit is a renewal of an indebtedness evidenced by a note of $10,000 given by Felsing Bros. on August 1, 1919. In fact there were four renewals, of which the instant note is the last. It is also important to note the circumstances of the creation of the original indebtedness. On August 1, 1919, the Consumers Twine & Machinery Company, of which George Felsing was the active president, overdrew its bank account about $15,000, with the plaintiff bank. At this time, George Felsing arranged with President Harrington of the bank to give the note of Felsing Bros. for $10,000 for the credit of the twine company. Prior to this time, Felsing Bros. had given a property statement to the bank for the purpose of obtaining credit for the twine company; and it is also shown that Felsing Bros., with some of the other stockholders of the twine company, had signed a written agreement guaranteeing the plaintiff bank against overdrafts of the twine company; but this written guaranty was never used, or was surrendered by the bank. It is also shown that, at the time of the giving of one of the renewal notes, the bank demanded collateral security, and, in order to furnish this security, Felsing Bros. took a note payable to itself from the twine company in the sum of $10,000, and bearing the same date as the renewal note. The consideration of the note to Felsing Bros. was the note that Felsing Bros. had given to the plaintiff bank, and at this time the twine company executed a negotiable warehouse receipt to Felsing Bros., which, two days later, was indorsed and transferred to the plaintiff

bank, as security for the Felsing Bros. note, given on October 11, 1920, to the bank. This warehouse receipt was held by the bank as collateral security to the note of Felsing Bros. and to the subsequent renewals. Later, and after the twine company had passed into the hands of a receiver, the partnership filed a verified claim, based on the note which they had taken from the twine company to repay themselves for the note held by the bank. The Federal court in which the receivership was pending allowed the claim of the bank, and established a lien in favor of the bank against the goods covered by the warehouse receipt in the hands of the receiver of the twine company.

George Felsing testified that the note in suit was given to the plaintiff bank for the accommodation of the bank, and under an oral agreement that the bank would look to the twine company, and not to Felsing Bros., for payment. This is denied by the bank, which claims that the transaction was an ordinary one in banking business, by which Felsing Bros. borrowed $10,000 for the credit of the twine company, in accordance with their previous arrangement for taking care of the overdrafts of the twine company.

We are satisfied that the evidence clearly establishes that the conduct of the twine company was a part of the partnership business, and that the signing of the note in question for the benefit of the twine company was within the scope of the partnership business. The defendant assumed the burden to prove that the note signed by one partner in the firm name was not a firm note, and that it was not executed within the scope of the business. This was an affirmative defense. The burden rested on the defendants. See *McMullan v. Mackenzie*, 2 G. Greene 368; *Buettner v. Steinbrecher*, 91 Iowa 588; *Morse v. Hagenah*, 68 Wis. 603 (32 N. W. 634). The partnership in the instant case is conceded, and that the note was signed, as pleaded. *Benjamin v. Shea*, 83 Iowa 392. The case of *Schumacher v. Sumner Tel. Co.*, 161 Iowa 326, is not pertinent to the case at bar, since the defendants in the *Schumacher* case denied the existence of the partnership.

Appellant makes complaint against certain instructions given by the court, but we discover no reversible error therein.

The evidence warrants the finding of the jury. Wherefore, the judgment entered is—*Affirmed.*

ARTHUR, C. J., and STEVENS and VERMILION, JJ., concur.