MARY MAXFIELD, Appellee, v. J. L. HEISHMAN & SONS et al., Defendants; TRUMAN HEISHMAN et al., Appellants.

No. 40129.

MARCH 11, 1930.

*Reed & Reed,* for appellants.

*R. W. Boyd,* for appellee.

KINDIG, J.—In 1913, the defendant J. L. Heishman bought a farm from Mary Maxfield, the plaintiff and appellee. As part consideration therefor, the defendant Heishman assumed and agreed to pay a mortgage indebtedness then on the land, amounting to $3,600. Thereafter, in 1915, the note and mortgage became due, and the defendant Heishman, in satisfaction of that old indebtedness, gave the appellee a new note, secured by a mortgage upon the same land. This note became due in 1919, at which time the mortgage was released, and the note marked "satisfied," when, in lieu thereof, the said defendant Heishman delivered to the appellee the note in suit, for $3,600, signed by J. L. Heishman & Sons. That was the name of a copartnership. The "sons" in the firm name represented the defendants-appellants, Truman Heishman and Grant Heishman. J. L. Heishman was their father. Because the father did not appeal, for the sake of convenience he will be referred to here-after as the defendant, while the other defendants, Truman Heishman and Grant Heishman, will be designated appellants.

Although the firm name was thus attached to the note aforesaid, yet the partnership, as such, received no money or consideration of any kind from the appellee. Neither of the appellants had any interest in the land formerly. purchased by the defendant, J. L. Heishman. Said partnership, previous-ly mentioned, was formed in 1920, and continued until about January, 1922. Suit was brought by the plaintiff against the defendant, J. L. Heishman, and the two appellants, on the theory that the note was a partnership obligation.

Appellants filed separate answers, admitting the existence of the note, but denying that J. L. Heishman had any authority or right to place the firm name on the instrument. Further-more, the appellants stated in their answers that the giving of such note, under the circumstances, was not within the scope of the partnership business. Continuing in their pleading, the appellants asserted that the indebtedness evidenced by the note was the individual obligation of the defendant, J. L. Heishman. Moreover, the appellants pleaded as another defense that they

had been discharged in bankruptcy, June 22, 1924, and therefore this indebtedness could not be proved against them.

Replying to the foregoing answers, the appellee first denied the affirmative allegations therein contained, and second, declared that her note was not listed in the bankruptcy schedules filed by the appellants, and that she had no actual knowledge of the bankruptcy proceedings.

Upon those issues, the case was tried, resulting in the jury's verdict for the plaintiff. Consideration will now be given to the errors relied upon for reversal.

I. Contained within the court's instructions to the jury is the following paragraph:

"You are instructed that the execution of the note by J. L. Heishman, and that J. L. Heishman signed the name of J. L. Heishman & Sons, * * * and at the time there was a copartnership of J. L. Heishman and Sons, of which J.  L. Heishman, Grant Heishman, and Truman Heishman were members, and constituted the firm, and that, under the law, one partner has the power to bind the other members of said partnership by promissory note given in the usual course of business, and an individual loaning money to said firm and receiving a firm note therefor has a right to presume that the note is made in the course of the partnership business, and binds all the members of the firm. But this presumption may be rebutted and overcome by evidence; and unless said presumption is overcome by a preponderance of the evidence, as hereinafter instructed, your verdict should be for the plaintiff against the defendants Grant Heishman and Truman Heishman [the appellants]."

Complaint is made of that charge by the appellants because: First, there was no evidence that appellee loaned any money or transacted any business with the firm; and second, there was undisputed evidence in the record to the effect that the note was given to satisfy the defendant, J. L. Heishman's, personal indebtedness, and that the appellee had knowledge thereof at the time the note was taken by her. If the record sustains appellants' contention in that regard, the instruction aforesaid is wrong, because: First, it did not inform the jury concerning

the existence of appellee's knowledge, nor did it explain to that body the effect thereof; second, it gave the appellee the advantage of a presumption to which she was not entitled, when she had knowledge of the true facts; and third, it wrongfully placed the burden upon appellants to overcome a presumption, which presumption was already overcome because of appellee's knowledge. Elucidation here will aid the understanding.

The note purported to be a partnership obligation, and the appellants were members of the firm. Hence, under those circumstances, it is the law of this state that the burden to defeat trading or commercial partnership liability is cast upon the partner to prove freedom from responsibility, when the creditor parted with his money and took the firm note from an individual partner, while not knowing that such partner had no authority in the premises. Such burden includes the necessity of showing that the creditor knew the note was not made in the firm's course of business. Otherwise, the creditor may presume that the instrument was made within the scope of the partnership's business. *Sherwood v. Snow, Foote & Co.,* 46 Iowa 481; *Platt v. Koehler, Dickey & Co.,* 91 Iowa 592; *Sheldon & Sheldon v. Bigelow & Bigelow,* 118 Iowa 586; *Continental Nat. Bank v. Felsing Bros.,* 198 Iowa 801. See *Cresco Union Sav. Bank v. Terry & Terry,* 202 Iowa 778.

During the course of our discussion in *Sheldon & Sheldon v. Bigelow & Bigelow* (118 Iowa 586), supra, reading on page 589, we said:

"The note purported to be a partnership note, and, to entitle the plaintiffs to a recovery thereon against R. E. Bigelow, it was only necessary for them [the plaintiffs] to prove that he [Bigelow] was a member of the firm, and thereupon the burden shifted to him to show that he was not liable as such partner."

Notwithstanding this principle, however, it was obviously error to give the instruction concerned, because, under the record, there was undisputed evidence indicating that the appellee knew the obligation was not a firm transaction. *Platt v. Koehler, Dickey & Co.* (91 Iowa 592), supra; *Schee v. Hendrickson & Carper,* 162 Iowa 219; *Janney v. Springer & Willard,* 78 Iowa 617; *Brewster v. Reel,* 74 Iowa 506. Concerning such knowledge

and effect thereof, we declared, in *Platt v. Koehler, Dickey & Co.,* supra, reading on page 597:

"The presumption [in favor of a creditor] is not rebutted by showing that the partner acted wrongfully, but by showing that the creditor had *no right to presume* that the note was made in the course of the business of the firm; and this may be done by showing that, when he received the note, he knew, or had reason to know, that it was for the accommodation, security, or personal benefit of the member of the firm; or such knowledge may be implied from the nature of the transaction in some cases, *as where the note is received for a pre-existing debt due from the partner to the creditor.*" (The italics are ours.)

Appellee understood that the liability was J. L. Heishman's only. From the inception it had been such. At all previous times, appellee's dealings were with the individual, and not with the firm. Manifestly, in view of the foregoing and other record facts, this creditor had sufficient information to advise her that she had no right to presume the note was made in the course of the firm's business.

Here appellee urges that the note in suit was given a few weeks earlier than the date of the pay mark on the previous note. From this premise, she would have us infer that the consideration for the present note was independent of the old obligation. Every witness who testified upon the subject for either side agreed that the new note was a mere renewal of the old. The discrepancy in dates, according to the record, was but an immaterial incident. Under the undisputed evidence, then, it is certain that the instrument in suit was a renewal of the former indebtedness.

Resultantly, there were no conflicting facts for submission to the jury upon this proposition. So the instruction did not fit the facts, because appellee, as before said, actually knew the transaction was individual, as distinguished from a firm matter. She having knowledge, there was no burden upon appellants to prove such fact, and the jury should have been instructed accordingly. Furthermore, the fact-finding body should have been told the effect of appellee's knowledge in the premises. Under the circumstances above discussed, the burden should not have

been placed upon appellants to overcome the presumption named in the instruction.

II. Exception is taken by appellants to another instruction. The jury were told by the district court that, even though they found in favor of the appellants under the foregoing instruction, yet they could render a verdict for appellee under the following charge:

"You are further instructed that, if you find that said note was given for the personal indebtedness of J. L. Heishman, a member of the copartnership, and was given for his accommodation, and as security for him, and if you further find by a preponderance of the evidence that the defendants Grant Heishman and Truman Heishman [appellants], or either of them, authorized or consented thereto, prior to the giving of said note, or subsequently thereto consented and ratified the giving of said note for said personal indebtedness, then your verdict should be for the plaintiff against Grant Heishman and Truman Heishman [appellants]; but if you fail to so find, then your verdict should be for the defendants Grant Heishman and Truman Heishman [appellants]."

Complaint is made by the appellants that said instruction was wrongfully given to the jury, because there was no evidence upon which ratification could be based. Particularly, it is urged, there was no proof that appellants had sufficient knowledge of the essential facts to effect a ratification. Without evidence supporting that proposition, the charge was erroneous. Ratification is not complete unless the party so affirming the contract has full knowledge of all the material facts relating to the transaction. *Marion Sav. Bank v. Leahy,* 200 Iowa 220 (local citation 226); *Young v. Inman & Nelson,* 146 Iowa 492 (local citation 497); *Welke v. Wackershauser,* 143 Iowa 107; *Ver Veer v. Malone,* 134 Iowa 653; *Groeltz v. Armstrong Real Estate Co.,* 115 Iowa 602; *Eggleston v. Mason & Co.,* 84 Iowa 630.

No evidence appears in the present case upon which the jury could say there was a ratification. Lacking that evidence, the record does not present a basis for ratification. To supply the necessary foundation for the support of ratification, appellee argues that the witness Bowers, a banker, wrote checks on the

firm account in payment of interest on the note. It is observed that the witness did not testify positively, but said probably the interest was paid in that manner and way. More than that, there is nothing to show that appellants knew of the banker's action in that regard. Such knowledge was essential, before a ratification resulted. Of course, if the appellants did not know of the banker's act in that respect, they could not repudiate, and their silence in ignorance of the material facts would not amount to a ratification.

Also, it is insisted by the appellee that appellants must have had knowledge of the banker's acts at the time the firm was dissolved in 1922, as before stated; but the evidence does not reveal the nature of the dissolution, or whether there was an accounting between the partners. Disclosure of the interest items to appellants in no way is revealed by the evidence. Dissolution, as used by the non-expert witness, did not necessarily involve an accounting; and furthermore, it does not appear that the defendant, J. L. Heishman, or the banker himself, revealed, at the dissolution, the said private transaction with the appellee. Knowledge, therefore, does not appear through the dissolution. There was no basis, then, for the instruction, and the trial court erred in giving it.

III. The contention also is made by appellee that the witness C. O. Bowers, who prepared the note in suit for the parties, refers to those requesting such service as "they." Therefore, it is concluded by appellee that the reference included the appellants, and thereby they previously consented to the assumption of the liability by the firm. Justification is therefore claimed for that part of the court's charge last above quoted, regarding appellants' previous consent to the indebtedness as a firm liability. A careful reading of this witness's entire testimony, however, clearly indicates that by the word "they," he was not referring to appellants, but intending to describe appellee and her son, who transacted business for her. Neither appellant was present at the time.

Wherefore, there was no basis for that part of the instruction relating to former consent or authority.

A verdict should have been directed for the appellants, because there was no evidence in the record, when the cause was submitted to the jury, which supported appellee's claim. Ap-

pellants made a motion challenging the sufficiency of the evidence, and it should have been sustained. Consequently, they are entitled to a new trial, in accordance with the relief they ask here.

Other matters are argued, but we find it unnecessary to discuss them at this time.

Wherefore, the judgment of the district court is reversed.— *Reversed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.