SECOND NATIONAL BANK OF NEW HAMPTON, Appellee, v.
GEORGE MILLBRANDT et al., Appellants.

No. 39991.

MARCH 17, 1931.

*Edwin A. Church,* for appellants.

*Geiser, Donohue & Geiser,* for appellee.

STEVENS, J.—A rather extended prefatory statement of the

record is essential to a concise and orderly presentation and discussion of the questions involved on this appeal. Appellants are the assignees for the benefit of creditors of S. R. Ure & Company, a copartnership composed of S. R. Ure and W. G. Shaffer, who owned and operated the Farmers & Merchants Bank of Riceville. The affairs of the copartnership and of the bank were under the immediate management and control of Ure. Shaffer, prior to May 3, 1926, was the cashier of the appellee Second National Bank of New Hampton. On various dates prior to the above date, a series of notes of the Farmers & Merchants Bank, made payable to S. R. Ure personally, aggregating $30,212.20, were rediscounted at full face value to appellee. In addition to the foregoing rediscounts, on January 7, 1926, two notes, one for $10,000 and one for $8,000, secured by mortgages upon real estate, were transferred to appellee as collateral security for the notes of the Riceville bank held by it. On May 3d, the Second National Bank of New Hampton became insolvent, and closed its doors. Four days later, S. R. Ure & Company made a general assignment of all of the property of the copartnership to appellants for the benefit of creditors. On May 26th, the National Bank, having effected a complete reorganization, resumed business. Payments slightly in excess of $15,000 were made by the makers of the rediscounted notes, and proper credit was given thereon by appellee, leaving a balance due in excess of $14,000. The books of the appellee bank on the date it closed showed a balance of $785.80 to the credit of the Riceville bank. Full credit was later given appellants therefor. All of the notes transferred to and held by appellee were indorsed by S. R. Ure, including his personal note for $3,500. Action on the $10,000 note held by appellee as collateral security for the rediscounted and guaranteed notes of the Riceville bank, and to foreclose the mortgage on real estate given to secure the same, was instituted in Mitchell County, and judgment for $13,667.95 and decree of foreclosure was entered thereon on March 17, 1927. On May 28, 1927, notice signed by appellee bank was served upon appellants, in pursuance of Chapter 524 of the Code of 1924, of the forfeiture of the collateral, consisting of the $8,000 note and the judgment entered in the Mitchell County district court, and of the intention of the holder of said collateral to offer the same

for sale on June 13, 1927. On that date, a sale was had, appellee becoming the purchaser of the collateral.

For the purpose of settling and adjudicating any dispute or controversy as to the claim of interest of the appellee bank in the rediscounted notes, the present action in equity was commenced, in February, 1928. The pleadings filed by the respective parties in this action are somewhat voluminous, but the issues actually tendered and tried are few and comparatively simple.

Further than to state that appellants filed a counterclaim, in which they sought to recover the amount of the two collateral notes, the item of $785.80 above referred to, and the further sum of $500 alleged to be due as commissions on collections made of rediscounts in behalf of appellee, we need not elaborate upon the issues.

Prior to the commencement of the action in Mitchell County on the $10,000 note and to foreclose the mortgage given to secure the payment thereof, and again, prior to the service of notice of forfeiture and sale of the judgment and remaining collateral, appellee tendered and offered to return all of the paper held by it, upon the payment by appellants of the balance due on the rediscounted notes. In addition thereto, original notice of the commencement of the action in Mitchell County was served upon appellee, which appeared therein and answered in part as follows:

"They further allege that the assignment of said mortgage was for collateral security, and that the same secures indebtedness at the Second National Bank of New Hampton, Iowa, and that said indebtedness has not been paid. They therefore ask that the court make such order as shall protect the interests of the firm of S. R. Ure & Company, for which they are trustees."

The petition in that action alleged ownership by the bank of the note there in suit. The court allowed appellants' claim of $500 for commissions, but otherwise, the counterclaim was dismissed and judgment entered in favor of plaintiff as prayed.

It will be observed that all of the notes rediscounted to the Second National Bank were made payable to S. R. Ure, instead of to the partnership or to the bank. The admitted reason for

this arrangement was that S. G. Shaffer, a member of the copartnership, was also the owner of a large number of the shares of the capital stock of appellee bank, and was cashier thereof. He did not, in such situation, desire to appear as an indorser or guarantor of the paper. If not specifically admitted, it is established beyond question that all of the notes were the property of the copartnership, and that all of the proceeds derived from the transfer thereof were received and used by and in behalf of the copartnership, except the single note of $3,500. In other words, all of the transactions in question except the one noted were between the copartnership, the assignor of appellants, and appellee. The right of the copartnership to bind itself by this method of dealing cannot be questioned. *Wehrman v. Moore*, 186 Iowa 1124; *Continental Nat. Bank v. Felsing Bros.*, 198 Iowa 801; *Cable v. Iowa State Sav. Bank*, 197 Iowa 393.

The major proposition relied upon by appellants for reversal is that S. R. Ure & Company and the Farmers & Merchants Bank were insolvent on January 7, 1926, when the two

notes and mortgages were transferred to appellee as collateral security for the notes held by it, and that because thereof the transfer was void as against the creditors and S. R. Ure & Company. The trial court, after a careful review of the evidence, reached the conclusion that the bank was not insolvent. It is stoutly maintained by appellee that this finding is correct on the merits, and that, in any event, the proof offered to show such insolvency was technically insufficient. The Farmers & Merchants Bank continued in business from January 7th until May 3d, and, so far as the record shows, paid its obligations as they arose. The testimony as to the bank's assets and liabilities would tend to indicate insolvency, but, whether it was insolvent or not, the transfer of the collateral to appellee, in connection with the rediscounting of certain notes, and for the purpose of securing the payment of all of the rediscounts then held or subsequently acquired, being in good faith and without fraud, was valid.

The law has been long settled in this state that a debtor, although insolvent, may, in good faith, and for the purpose of

securing the obligations due thereto, validly prefer creditors. *Stewart Bros. v. Mills County Nat. Bank,* 76 Iowa 571; *Rollins v. Shaver Wagon & Carriage Co.,* 80 Iowa 380; *Benton County Sav. Bank v. First Nat. Bank of Estherville,* 179 Iowa 993; *Ford v. Ott,* 182 Iowa 671; *Mulvaney v. Buckley,* 190 Iowa 1119; *Farmers & Merch. St. Sav. Bank v. Kriegel,* 196 Iowa 833; *Barks v. Kleyne,* 198 Iowa 793; *Carlisle v. Milliman,* 199 Iowa 949; *Malcolm Sav. Bank v. Mehlin,* 200 Iowa 970.

The record contains no testimony tending in any way to show that the transactions complained of were not in good faith and for the purpose of securing valid obligations of the partnership.

Appellant places strong reliance upon the decision of this court in *Leach v. Beazley,* 201 Iowa 337. The argument urged at this point proceeds upon a misconception of the facts in the case at bar and of the holding of this court in the cited case. We have already referred to the fact that the notes rediscounted to appellee were all taken in the name of S. R. Ure and indorsed by him; but, as already stated, this was under an arrangement by the copartnership fully understood by the partners, and the notes were, with the one exception, all the property of the copartnership, to which the avails were paid. The indorsement of S. R. Ure was intended to, and did, bind the copartnership. The single individual note of S. R. Ure transferred to appellee passed with other notes of the copartnership, and the collateral was intended as security for both the partnership obligations and the individual note. It in no way impeached the good faith of the parties, or enters in any way into the transaction to the disadvantage of appellants. The *Leach* case involved a transaction in which an officer of an insolvent banking corporation took good assets of the bank therefrom in satisfaction of the amount due him as a depositor of the bank. We held that he could not thus deal with the available assets of the bank, which, under the facts of the case, constituted a trust fund for the benefit of creditors.

Due credit was given appellants for the item of $785.80, and proper allowance was made of the $500 item.

It appears that some of the rediscounted notes, when they became due, were turned over to the copartnership for collection, and that payments made thereon, aggregating several hundred

 dollars, were held by the bank at the time of the assignment for the benefit of creditors. Credit is asked for these items on the theory that the copartnership was the agent of appellee for the collection thereof. It is difficult to perceive on what theory appellants would be entitled to credit for these items. As agent, the copartnership was bound to account to appellee, its principal, for the amount of the collections made. The controversy is not between appellee and the makers of the notes.

Appellee also pleaded the foreclosure of the $10,000 mortgage upon due notice to appellants, and also the subsequent sale thereof and of the remaining collateral upon due notice to them, as constituting both a waiver and estoppel. In view of the result we must reach, we deem it unnecessary to consider the issue thus tendered.

After giving full credit to appellants for all sums to which they are entitled, there remains a balance due appellee of something over $4,000. So far as the $3,500 personal note of S. R. Ure is concerned, the record does not disclose that it entered in any way into the accounting made by appellee of the proceeds received from the sale of the collateral. Neither is it shown that the collateral sold, although for much less than its face value, was not for its full actual value.

We have examined the record, which is somewhat lengthy, with care, and arrive at the conclusion that the judgment and decree of the trial court is right, and it is, accordingly, affirmed. —*Affirmed.*

FAVILLE, C. J., and DE GRAFF, ALBERT, WAGNER, and GRIMM, JJ., concur.